## ESTATE OF JAMES BALLENTINE.

No. 4766—Oct. 5, 1872.

HOMESTEAD SET APART TO WIDOW ALONE, THERE BEING NO MINOR CHILDREN.

The widow, all the children being adults, is entitled to have the residence set apart for her use as a homestead.

Construing sections, C. C. P., 1465, 1486, 1517, 1544, 1549-53-54, 1616-18; affirmed, 45 Cal., 696.

March 1, 1875.

SALE OF REAL ESTATE.—EMPLOYMENT OF BROKERS.—BROKERAGE.

An executor has no right to bargain with a broker to procure bids for real estate upon the condition that he shall receive of the sum bid all over a given amount, even though that given amount is a fair price for the property.

BROKERAGE IS ALLOWABLE as an expense of administration, but the amount should be passed upon by the Court.

ATTORNEY'S FEE.—Where an attorney performs services which should properly devolve upon the executor, he should look to the executor for payment out of the executor's commissions.

*George Hudson,* for widow.

*J. B. Townsend,* contra.

Testator disposed of all the estate by will. There was a house and lot upon which testator and his family had resided for years, and which the widow continues to occupy. The children are adults. No homestead was selected and declared during the life of testator. The widow applied to have the residence set apart to her as a homestead. Some of the devisees resisted on the grounds stated in 45 Cal., 697. The objections were overruled and the residence set aside.

The account of the executrix was rendered for settlement, and items were objected to. The executrix, under an order of sale, sold parcels of real estate. She employed real estate agents to aid her, under an agreement that they should have, for their services, all moneys that they could obtain above certain specified sums. She sold real estate through Madison & Burke for $7,256, and accounted for $6,556, leaving $700 for the agents; and through Levy & Levitsky for $10,950, and accounted for $9,900, leaving $1,050 for the agents.

By the COURT: Neither Madison & Burke nor Levy & Levitsky were purchasers; they were agents, brokers, and the amounts received by them from the purchasers were received in that capacity. An executrix has no power to make an agreement binding the estate that a broker may have as his commissions all above a named sum, even though that sum be a fair price for the property. In cases of sales requiring unusual exertions, the executor may employ a broker, but the compensation is to be fixed by the Court as expense of administration. In this case, the exertions and services of the brokers were extraordinary, they obtained excellent prices, and the allowance will be liberal. Madison & Burke are allowed $400 instead of $700, and Levy & Levitsky $600 instead of $1,050.

The attorney for the executrix claims $1,000 for his services. Much of the labor performed by Mr. Hudson it was the duty of the executrix to have performed, for which she has her commissions. The executrix did very little besides signing deeds and papers presented to her for that purpose. $1,000 would not be an unreasonable sum for all the labor performed by Mr. Hudson, but for that portion of it for which the executrix receives her commissions, he must look to her for remuneration. The item is allowed at $750.